2024 IL App (2d) 230194-U
No. 2-23-0194
Order filed March 1, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| VANYA S. MORROW, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 22-MR-561 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF | ) | |
| EMPLOYMENT SECURITY, DIRECTOR | ) | |
| OF ILLINOIS DEPARTMENT OF | ) | |
| EMPLOYMENT SECURITY, | ) | Honorable |
| | ) | Luis A. Berrones, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: (1) The decision to deny plaintiff's request to backdate her unemployment claim was not clearly erroneous and (2) plaintiff's due process rights were not violated.

¶ 2    Plaintiff, Vanya S. Morrow, appeals a judgment entered by the circuit court of Lake County denying her petition for administrative review and affirming a decision of the Board of Review (Board) of the Illinois Department of Employment Security (Department). On appeal, plaintiff argues that the Department: (1) erred in denying her request to backdate her claim for

unemployment benefits and (2) violated her due process rights. For the reasons set forth below, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Plaintiff was employed by the U.S. Census Bureau from July 26, 2020, until October 26, 2020, when she was laid off. At the time she was laid off, plaintiff was informed that she should file her claim for unemployment "right away." Plaintiff filed her claim on November 22, 2020. A Department claims adjudicator found that plaintiff was ineligible for unemployment benefits because she did not earn enough wages to qualify. The claims adjudicator sent plaintiff a letter with the finding and a notice of her appeal rights in the mail on December 7, 2020.

¶ 5      In November of 2021, plaintiff started work as a seasonal employee with Amazon, but was laid off on March 22, 2022, for "lack of work." On April 11, 2022, she filed another claim for unemployment insurance benefits and was found to be eligible for benefits based on her employment from Amazon.

¶ 6      On April 29, 2022, plaintiff filed a request to backdate her unemployment claim. In the backdating questionnaire filed, plaintiff requested that her claim be backdated to "November 2020." In support of her request, plaintiff denied receiving a letter from the Department stating that she had been deemed ineligible for unemployment benefits based on her November 2022 claim. She stated that when she called the Department to check on her application, she was not able to reach an agent, and on the occasions that she was able to talk to an agent, the advice was confusing and not helpful. Further, she stated that she was occupied with taking care of her children from late 2020 to early 2021 and then traveled to Bulgaria to take care of her family in June 2021. She began working for Amazon after returning from Bulgaria.

¶ 7 A claims adjudicator denied plaintiff's request to backdate her unemployment claim. Plaintiff then filed an administrative appeal from the claims adjudicator's decision to an IDES referee. In her appeal, plaintiff requested that her backdate "request of April 29, 2022 be set to May 24, 2021." Plaintiff stated that she "disagree[d]" with being denied unemployment benefits based on the November 2020 application for benefits because "nobody told [her] and [she] didn't have way [*sic*] to know" that she should have waited to file her claim so that she would be eligible for benefits. Plaintiff contended that she did not know she was deemed ineligible for benefits based on her November 2020 claim until she requested that the Department re-send the initial letter concerning the status of her claim sent in December 2020. Additionally, plaintiff stated that she made numerous attempts to contact the Department and got conflicting answers. She asserted that in April 2022, a Department agent told her that she should request to backdate her claim to May 24, 2021. Thus, she requested that her April 2022 claim should be backdated to May 24, 2021, so that she could "get [the benefits] that [she] deserved."

¶ 8 On August 12, 2022, a Department referee held a telephone hearing. Plaintiff told the referee that in November 2020, she applied for unemployment benefits but never heard back from the Department, and she never received any benefits. The referee stated that a finding letter dated December 7, 2020, was sent to plaintiff to the effect she was ineligible because, at the time of her filing for unemployment in November 2020, the agency records indicated that she did not earn enough wages to qualify. Plaintiff acknowledged the referee's statement, responding, "that's why I want now to [backdate] *** to *** the second quarter of 2021." The referee issued a written decision affirming the claim's adjudicator's decision. The decision explained that 50 Ill. Admin. Code 2720.105(b) allows backdating a benefits request if the initial claim is filed later than the end of the first week of separation, but less than one year thereafter. 50 Ill. Admin. Code 2720.105(b)

(2020). Because plaintiff did not request that her claim be backdated within one year of separation from the Census Bureau, plaintiff's backdating application was denied.

¶ 9    Plaintiff then appealed the referee's decision to the Board. In her appeal, plaintiff asserted that the referee had erred in repeatedly stating that plaintiff requested to backdate her claim to December 27, 2020, not May 24, 2021, as requested in plaintiff's appeal. Plaintiff contended that she acted on the information she had received from the Department and that information was "confusing, misleading, *** and totally contradictory."

¶ 10    The Board issued a final administrative decision affirming the referee's decision on November 17, 2022. In its decision, the Board noted that when plaintiff first applied for benefits in November 2020, the base period for that application was July 1, 2019, through June 30, 2020. See 820 ILCS 405/237 (West 2020). Plaintiff did not earn any wages during the base period and a letter declaring her ineligible was sent to her address on December 7, 2020. Plaintiff stated that she did not receive the letter, although she confirmed that the letter was correctly addressed to her. The Board concluded that the decision to deny plaintiff unemployment benefits based on her November 2020 application "became final as of" December 22, 2020.

¶ 11    The Board also ruled that when plaintiff filed for unemployment benefits in April 2022, and was found eligible, she did not "retroactively become monetarily eligible for benefits in 2020, because she was found monetarily eligible for benefits in 2022," as she needed to "have been paid sufficient wages to be considered eligible for benefits" in the benefit year for which she originally applied. Citing 56 Ill. Admin. Code § 2720.105(b) (2020), which allows backdating "an initial claim" if backdating is requested "less than one year after" separation, the Board found that plaintiff's request to backdate "was not filed within the statutory time frame."

¶ 12    Finally, the Board also observed that the November 2020 claim was not plaintiff's first time filing a claim for unemployment benefits. In August 2016 plaintiff filed for unemployment benefits, and although she was ultimately disqualified, plaintiff properly certified her claim in accordance with the statute. Accordingly, the Board found that plaintiff "knew or should have known that certifying her unemployment was required upon filing for benefits," which she did not do for her November 2020 claim.

¶ 13    On December 8, 2022, plaintiff filed a *pro se* complaint for administrative review of the Board's decision in the circuit court of Lake County. The circuit court affirmed the Board's decision. Plaintiff then appealed.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, plaintiff argues primarily that the Department: (1) erred in denying her request to backdate her claim for unemployment benefits and (2) violated her due process rights.

¶ 16    On administrative review, we review the findings of the Board, not the administrative law judge or the trial court. *Petrovic v. Department of Employment Security*, 2016 IL 11856, ¶ 22. The standard of review and the deference we afford to the Board's decision depends upon whether the issue involves a question of fact, a question of law, or a mixed question of fact and law. *Leach v. Department of Employment Security*, 2020 IL App (1st) 190299, ¶ 22. The Board's factual findings are considered *prima facie* correct and will be reversed only if they are against the manifest weight of the evidence. *Id.* "Factual determinations are against the manifest weight of the evidence if the opposite conclusion is clearly evident." *Beggs v. Board of Education*, 2016 IL 120236, ¶ 50. The Board's legal determinations are reviewed *de novo*. *Leach*, 2020 IL App (1st) 190299, ¶ 22. Lastly, mixed questions of fact and law, namely situations where "the historical facts are admitted or established and the only question is whether the facts satisfy the statutory standard, are subject to

reversal only where they are clearly erroneous." *Id*. A decision is clearly erroneous where the reviewing court is left with "the definite and firm conviction that a mistake has been committed." *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 393 (2001).

¶ 17    Here, the facts are largely undisputed. Whether the Board's determination that plaintiff's request to backdate her claim for unemployment benefits was untimely is a mixed question of fact and law, as it involves the application of law to the facts of plaintiff's case. *Petrovic*, 2016 IL 118562, ¶ 21. See also *Leach*, 2020 IL App (1st) 190299, ¶ 22. Thus, we review the Board's decision for clear error.

¶ 18    In order for an unemployed individual to receive benefits under the Unemployment Insurance Act (Act), he or she must claim benefits with respect to any week "in accordance with such regulations as the Director may prescribe." 820 ILCS 405/500(B) (West 2020). Additionally, the Act states that

> "An initial claim for benefits should be filed no later than the end of the first week in which the claimant is separated from work. If it is filed later than the week the claimant became separated from work and backdating is not requested, the claim shall begin in the week in which it was filed." 56 Ill. Admin. Code 2720.105(a) (2020).

If, however, "an initial claim is filed later than the end of the first week after separation, but less than one year thereafter, at the claimant's request the Department will backdate the claim to the appropriate date and determine eligibility for that period if" the claimant meets certain criteria. 56 Ill. Admin. Code 2720.105(b) (2020). An *initial claim* "means an application for benefits that, meeting all monetary eligibility requirements, commences a claim series." Emphasis supplied. 56 Ill. Admin. Code 2720.1 (2020).

¶ 19    In order to be eligible for unemployment benefits, an unemployed individual must meet a threshold requirement of earing wages of at least $1600 during his or her "base period." 820 ILCS 405/500(E) (West 2020). The "base period" is defined as "the first four of the last five completed calendar quarters immediately preceding the benefit year." 820 ILCS 405/237(A) (West 2020). Section 405/242 of the Act states that the "benefit year" with respect to any individual means the one-year period beginning with the first day of the week with respect to which the individual first files a valid claim for benefits." 820 ILCS 405/242 (West 2020).

¶ 20    Plaintiff worked for the Census Bureau from July 2020 to October 2020, when she was laid off. She filed her claim for benefits in November 2020. Therefore, her benefit year would begin in November 2020 when she made her claim. In order to qualify for benefits, she would then have to meet the earnings threshold during her base period.

¶ 21    It is apparent that plaintiff seeks to backdate her claim to a date which included the quarter in which she received wages from the Census Bureau so that those wages would be included in the base period used to determine her monetary eligibility for benefits. Then she would meet the minimum threshold for wages earned prior to the period of unemployment. Plaintiff argues that because she filed a claim in November 2020 and this claim was within the statute's one year requirement, she was entitled to request at any time that her claim be backdated.

¶ 22    The problem with this logic is that only "*initial claims*" may be backdated. 56 Ill. Admin. Code 2720.105(b) (2020) (Emphasis added). And only a claim that meets all monetary eligibility requirements is an "*initial claim.*" 56 Ill. Admin. Code 2720.1 (2020) (Emphasis added). Plaintiff separated from her employment with the Census Bureau on October 26, 2020, and filed a claim in November 2020. It is undisputed by the parties that when plaintiff filed a claim in November 2020, she was not monetarily eligible for benefits at the time. In December 2020, she was sent a letter

denying her benefits based on her separation from employment with the Census Bureau. That ruling was not appealed by the plaintiff. That claim was not an "*initial claim*," because plaintiff was not monetarily eligible for benefits at that time. 56 Ill. Admin. Code 2720.1 (2020). Because that claim was not an "*initial claim*," it cannot be backdated. 56 Ill. Admin. Code 2720.105(b) (2020). Additionally, backdating requests will be honored only if the "*initial claim*" is made "less than one year" after separation. 56 Ill. Admin. Code 2720.105(b) (2020). So, the claim is untimely as well as ineligible. Accordingly, the Board's decision was not clearly erroneous.

¶ 23    Finally, plaintiff argues that the Department violated her due process rights because it failed to discharge its responsibilities or obligations under the Act. She argues that the Department did not provide her proper information regarding her claim and the Board did not allow her to testify in full and misconstrued her testimony from the administrative hearing. Whether a claimant was denied a full and fair opportunity to be heard in conformance with the fundamental requirements of due process is reviewed under a *de novo* standard. *Sudzus v. Department of Employment Security*, 393 Ill. App. 3d 814, 824 (2009). However, while administrative hearings are governed by the fundamental principles and requirements of due process of law, due process is a flexible concept and requires only procedural protections as fundamental principles of justice and situation demand. *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 92 (1992). In an administrative hearing, due process does not require a full judicial proceeding. *Id*. Rather, "[a] fair hearing * * * includes the opportunity to be heard, the right to cross-examine adverse witnesses, and impartiality in ruling upon the evidence." *Id*. at 95. A claim of a due process violation can be reversed only upon a showing of prejudice in the proceeding. *Sudzus*, 393 Ill.App.3d at 825. At the administrative hearing, plaintiff was provided an opportunity to testify and explain the issues she had experienced in communicating with the Department. Her attorney

chose not to call any witnesses. A review of the record shows that plaintiff was not denied due process.

¶ 24    In sum, the Board's decision to deny plaintiff's request to backdate her claim for unemployment insurance benefits was not clearly erroneous and plaintiff's due process rights were not violated.

¶ 25                                III. CONCLUSION

¶ 26    For the reasons stated above, we affirm the judgment of the circuit court of Lake County.

¶ 27    Affirmed.